[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 3644 RE VALUATION AND ATTORNEY'S FEES
In this contract matter concerning the sale of a house the underlying facts were found by this court in its memorandum of decision of November 23, 1993. The court now addresses the question of the fair market value of the property at the time of the sale and the question of attorney's fees. A breach of contract has previously been found.
Facts
The house had and has a square footage of 2593 square feet, at least.
The contract was signed September 22, 1990 for a purchase price of $200,000 to be paid September 22, 1992, with interest and certain expenses.
This court found the date of the breach was July 12, 1992.
From May 12, 1992 through July 12, 1992 the fair market value of the subject property was $180,000. Thus the damages for the breach as of that date were $20,000.
In addition, as defendant's memorandum of February 18, 1994 admits "plaintiffs are entitled to damages by way of the `shortfall' in scheduled payments due plaintiffs from February, 1991 through April, 1992, at the rate of $716.67 per month." That amounts to $10,033.38.
The plaintiffs are entitled in the court's opinion to prejudgment interest from 30 days after the date of the breach of ten percent (10%) per annum on the total principal judgment of debt of $30,033.38. CT Page 3645
The plaintiffs also are entitled to attorney's fees under the contract. The contract and the complaint quite appropriately speak of "reasonable attorney's fees." General Statutes 49-7.
Although there is some evidence that some part of the contract might be construed as a rental agreement under General Statutes 47a-4, the parties have not suggested it and the court cannot find it to be a rental agreement.
The defendant made an offer of judgment in September of 1992 which included the return of possession of the property. It did not include an offer to pay money damages.
The court finds plaintiffs' counsel is an experienced attorney and the hourly fee of $175 he claims is reasonable. This is not your run-of-the-mill foreclosure or collection action. The contract made complicated this action. As a result plaintiffs' counsel had to examine procedures and remedies that were out of the ordinary. Because of that the fees are also out of the ordinary.
The court finds the total reasonable attorney's fees to be $8,000.
The court does have evidence sufficient to award costs for the entry fee of $150, sheriff's fee of $34.20 and appraisal fee of $350. The court has no evidence that any other court entry fees or sheriff's fees are relative to this action. The court has no evidence that "Witness Fees" or "Deposition Fees" claimed relate to this action.
N. O'Neill, J.